UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK CHARLES WILSON,<br><br>    Petitioner,<br><br>  v.<br><br>RUSSELL ROSS,<br><br>    Respondent. | Case No. 1:24-CV-00561-DKG<br><br>**INITIAL REVIEW ORDER** |

Petitioner Mark Wilson filed a Petition for Writ of Habeas Corpus challenging his state court convictions and sentences. (Dkt. 3.) He filed an "Amended Petition," but it is intended to be a supplement not a replacement, because it continues the same numbering from the original Petition. (Dkt. 9.) The Court will construe the filings together as one petition.

All named parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 10.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Having reviewed the Petition, the Court enters the following Order.

### STANDARD OF LAW FOR REVIEW OF PETITION

To bring a cognizable habeas corpus claim in federal court, a petitioner must allege that he is held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Summary dismissal is appropriate where "it plainly appears from the face of the petition and any

**INITIAL REVIEW ORDER - 1**

attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases.

Before a habeas petitioner may present an issue for federal court review, he must first "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This is called "exhaustion of state court remedies." In Idaho, that means presenting the claims to the Idaho Supreme Court in a procedurally proper manner. If a petitioner fails to properly exhaust his state court remedies, then his federal claims are deemed "procedurally defaulted," and the federal court is not authorized to adjudicate the merits of claims without the petitioner meeting a difficult standard to show that an exception to that rule applies.

## BACKGROUND

In a jury trial in Custer County, Idaho, Petitioner was convicted of one count of first-degree degree murder, one count of felon in possession of a firearm, and a persistent violator enhancement. He received prison sentences totaling 30 years to life. He pursued a direct appeal that was unsuccessful. It appears that he has a pending post-conviction action challenging his convictions and sentences. *See* Dkt. 3.

## REVIEW OF PETITION

Petitioner brings four claims. The Court will construe Petitioner's first claim as a cognizable federal claim, that the state district court violated his federal due process rights when it admitted evidence that Petitioner was a convicted felon. Dkt. 3 at 6-10. The Court will disregard the term "abuse of its discretion," which is a state, not a federal,

**INITIAL REVIEW ORDER - 2**

standard of law over which the Court has no jurisdiction. Petitioner may proceed on this claim only to the extent he presented it to the Idaho Supreme Court as a federal due process claim.  Petitioner's second claim is an "abuse of discretion" in sentencing and denying a motion for reduction in sentence. He also asserts the state court violated his federal due process rights in considering a prior felony. (*Id*. at 10-16.) Petitioner may proceed on this claim to the extent he presented it to the Idaho Supreme Court as a federal claim.

The fourth claim is a Fifth Amendment double jeopardy claim. (Dkt. 9 at 1-4.) The Fourth is a Sixth Amendment ineffective assistance of trial counsel claim, as explained below. (*Id*. at 4-5.) Both are cognizable federal claims.

Because Petitioner still has a state court action pending related to the same convictions at issue here, it is appropriate for the Court to stay this action until Petitioner's final state court action is completed. If he obtains relief in state court, he can voluntarily dismiss this action.

Federal district courts have discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court and then return to federal court for review of his perfected petition. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Staying the case preserves the original filing date of the claims asserted in the original petition for statute of limitations purposes.

In determining whether to grant a stay, the district court should consider whether the petitioner had good cause for his failure to exhaust prior to filing, whether his

**INITIAL REVIEW ORDER - 3**

unexhausted claims are potentially meritorious, and whether there is any indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 277-78. To meet the "good cause" standard, a petitioner typically must bring forward sufficient evidentiary support to show a reasonable excuse justifying his failure to exhaust. *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

An important consideration for a petitioner who plans to amend his federal petition with newly-exhausted claims raised in a state post-conviction action is that the federal statute of limitations contains a tolling provision that stops or suspends the one-year limitations period from running only during the time in "which a *properly filed* application for State postconviction or other collateral review … is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). If a petitioner files procedurally improper state post-conviction action, then that action cannot toll the federal statute. But, unfortunately, the petitioner usually does not receive a state court order informing him that a post-conviction action is procedurally improper until *after* the federal statute of limitations has expired, causing loss of the claims he had hoped to exhaust in the state post-conviction matter. Once a federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

A second important federal statute of limitations consideration is that habeas corpus "[a]mendments made after the statute of limitations has run relate back to the date of the original pleading [*only*] if the [1] original and [2] amended pleadings "ar[i]se out

**INITIAL REVIEW ORDER - 4**

of the conduct, transaction, or occurrence." Rule 15(c)(2)." *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (parentheticals and emphasis added), *overruled on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007). Because Federal Rule of Civil Procedure 15 (governing amendment in civil cases) is applied in conjunction with the "more demanding" Rule 2(c) of the Rules Governing Section 2254 Cases, the words "same conduct, transaction, or occurrence" do not mean simply "the same 'trial, conviction, or sentence.'" *Felix*, 545 U.S. at 664. Rather, relation back is proper only when "original and amended petitions state claims that are tied to a common core of operative facts." *Id.* For these reasons, it is often a safer route for petitioners to file their amended petition at the time the stay is granted, rather than at the time the post-conviction action is completed.

Here, the Court finds that good cause exists from the face of the Petition, and it will stay this case pending completion of Petitioner's state post-conviction matter. Petitioner brings some cognizable constitutional claims, he has been steadily pursuing relief in the state court system, and there is no indication that Petitioner intentionally delayed bringing the claims he is now pursuing in state court. If Petitioner has additional claims in his pending post-conviction matter that are not asserted in this federal petition, he may file an amended petition now to include those claims.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Application for in Forma Pauperis Status (Dkt. 1) is GRANTED.

**INITIAL REVIEW ORDER - 5**

2. Petitioner's Motion to Amend (Dkt. 8) is GRANTED. The Court will construe the original Petition (Dkt. 3) and the supplement (Dkt. 9) together as one petition.

3. This action is stayed pending completion of Petitioner's state court post-conviction matter and final appeal, including a petition for review to the Idaho Supreme Court of any opinion of the Idaho Court of Appeals.

4. Petitioner is authorized to file an amended petition within **21 days** after entry of this Order, if he desires.

5. Other than an amended petition, the parties shall not file anything further in this case while they are awaiting completion of the currently-pending state court action.

6. When the state court action is completed, including through the level of the Idaho Supreme Court, Petitioner must file a motion to re-open this case or a notice of dismissal within 30 days after the Idaho Supreme Court remittitur is issued.

DATED: January 31, 2025

_____
Honorable Debora K. Grasham
United States Magistrate Judge

**INITIAL REVIEW ORDER - 6**